
UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>FRANCIS A. AGUON,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CRIMINAL CASE NO. 97-00074-001<br><br>**SUPPLEMENTAL<br>DECLARATION IN SUPPORT OF PETITION** |

I, U.S. Probation Officer Grace D. Flores, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of supervised release for Francis Aguon, and in that capacity declare as follows:

On October 14, 1997, Francis Aguon was sentenced to 108 months imprisonment and five years supervised release for the offense of Possession with Intent to Distribute Methamphetamine Hydrochloride, in violation of 21 U.S.C. § 841(a)(1). On July 20, 2005, Mr. Aguon's term of supervised release was revoked, and he was sentenced to 11 months imprisonment followed by 49 months of supervised release. His term of supervised release began on June 16, 2006. On January 18, 2007, a petition was filed in the District Court of Guam for violations of supervised release conditions. A hearing is scheduled for January 25, 2007. Mr. Aguon is additionally alleged to have committed the following in violation of 18 U.S.C. §3583(d):

**Mandatory Condition:** *The defendant shall not commit another federal, state, or local crime.*

On December 15, 2006, Francis A. Aguon was arrested for the offense of Illegal Possession of a Controlled Substance. Guam Police Department Police Report number 06-32906 and Superior Court of Guam Criminal Case CF0530-06 outlined the offense as follows:

On December 15, 2006 at approximately 2:48 a.m., Guam Police Department Officers Ephraim Manlulu and Angelito Manlulu observed a Nissan 240 SX with Guam license plate INA 144 traveling a high rate of speed on Route 1 and turn left onto Route 8, disobeying a red light. The vehicle was stopped at LG's game room.

The operator of the vehicle identified himself as Francis Aguon and stated that he did not have his driver's license with him. Passenger of the vehicle was identified as Alvin N. Quinata. Aguon was observed by officers to be fidgeting, talkative, sweating profusely his eyes were glossy and his lips were pale and chapped. Aguon repeatedly made a clicking sound with his mouth. Officers noted his mannerisms and physical attributes of someone under the influence of the drug methamphetamine. Aguon stated that he does not do drugs.

Aguon consented to a search of the vehicle which yielded a black tri-fold leather wallet in the glove compartment which contained Aguon's driver's license, Guam identification card, social security card and other miscellaneous cards belonging to him. The wallet also contained a clear ziplock bag containing suspected methamphetamine with an approximate weight of 0.60 of a gram. The use of a field test kit yielded presumptive positive for amphetamine. Aguon was arrested by Officer Manlulu for the offense of Possession of a Controlled Substance. He was booked and confined.

Quinata was interviewed and stated that at 2:00 a.m. Aguon came to his place of work, The Black Hole in Maite. Quinata got into Aguon's car, went to home in Tamuning where Aguon exited the vehicle. Upon returning to the car, they proceed back to the Hagatna area. Enroute Quinata recalled Aguon behaving strangely - driving erratically, and playing with signal lights and wipers. Quinata was released at the scene.

Mr. Aguon was released from custody on December 21, 2006 after posting a $5000 cash bail and agreeing to pretrial release conditions. An Indictment was handed down in the Superior Court of Guam on December 22, 2006 which charged him with Possession of A Schedule II Controlled Substance (As a 3rd Degree Felony).

**Supervision Compliance:** There has been no contact with Mr. Aguon by the U.S. Probation Office since December 27, 2006.

**Recommendation:** This Officer respectfully requests that this Supplemental Declaration in Support of Petition and the Amended Violation Worksheet be considered with the violation report submitted previously.

Supplemental Declaration in Support of Petition
Re: AGUON, Francis A.
USDC Cr. Cs. No. 97-00074-001
January 24, 2007
Page 3

Executed this __24th__ day of January 2007, at Hagatna, Guam, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Respectfully submitted,

FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

By: _____
GRACE D. FLORES
U.S. Probation Officer

Reviewed by:

_____
ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

cc: Karon Johnson, AUSA
    Federal Public Defender
    File

# AMENDED VIOLATION WORKSHEET

1. Defendant **Francis A. Aguon**
2. Docket Number (Year-Sequence-Defendant No.) **CR 97-00074-001**
3. District/Office **0993/1**
4. Original Sentence Date **10** / **14** / **1997**
   month / day / year

(If different than above):
5. Original District/Office
6. Original Docket Number (Year-Sequence-Defendant No.)

7. List each violation and determine the applicable grade (see §7B1.1(b))

| Violation(s) | Grade |
| --- | --- |
| ● Use of controlled substances. | C |
| ● Failure to participate in substance abuse counseling. | C |
| ● Failure to show for drug testing. | C |
| ● Failure to submit monthly supervision reports. | C |
| ● **Arrest for Possession of a Controlled Substance.** | **B** |
| ● | |

8. Most Serious Grade of Violation (see §7B1.1(b))  **B**
9. Criminal History Category (see §7B1.4(a))  **III**
10. Range of Imprisonment (see §7B1.4(a))  **8-14** months

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

☐ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

☒ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Defendant: Francis A. Aguon

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    | | | | |
    |---|---|---|---|
    | Restitution ($) | N/A | Community Confinement | N/A |
    | Fine ($) | N/A | Home Detention | N/A |
    | Other | N/A | Intermittent Confinement | N/A |

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____ to _____ years.

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from imprisonment: **35-41**

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

    None.

15. **Official Detention Adjustment** (see    0 months    7 days

Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002.